IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No.: 1:26-CV-170

ALLSTATE VEHICLE AND PROPERTY   :
INSURANCE COMPANY AS SUBROGEE   :
OF ADAM KITCHEN AND CRYSTAL   :
KITCHEN,   :
   :
      Plaintiff,   :
   :
    v.   :
   :
SAMSUNG ELECTRONICS   :
AMERICA, INC.,   :
   :
      Defendant.   :
   :

## NOTICE OF REMOVAL

Defendant, Samsung Electronics America, Inc. ("SEA"), by and through undersigned counsel, hereby files this removal of the state court action titled *Allstate Vehicle and Property Insurance Company as Subrogee of Adam Kitchen and Crystal Kitchen v. Samsung Electronics America, Inc.*, currently pending in the General Court of Justice, Superior Court Division of Transylvania County, North Carolina, Case No. 26CV000196-870, under 28 U.S.C. §§ 1332, 1441 and 1446. In support of this removal, SEA states as follows:

**I.    State Court Proceedings**

1.    Plaintiff Allstate Vehicle and Property Insurance Company as Subrogee of Adam Kitchen and Crystal Kitchen ("Plaintiff") commenced the above-captioned civil action in the Transylvania County Superior Court, by filing a complaint on April 22, 2026, against SEA. *See* Ex. A - State Court Complaint and Ex. B - State Court Civil Summons.

2. The time for removal begins to run when the removing defendant is formally served with process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 354 (1999). SEA was first served with the summons and Complaint by first class mail service on a registered agent on May 13, 2026. SEA now files this Notice of Removal within 30 days of service. Thus, this Notice is timely. *See* 28 U.S.C. § 1446(b)(1).

3. SEA will promptly file a copy of this Notice of Removal with the Clerk of Transylvania County Superior Court.

4. Venue is proper in this Court because the United States District Court for the Western District of North Carolina is the federal judicial district embracing Transylvania County Superior Court, where this action was originally filed.

5. As detailed below, this case is removable to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

## II. Removal of This Action is Proper Based on Diversity Jurisdiction

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. *See, e.g.*, *FS Med. Supplies, LLC v. TannerGAP, Inc.*, No. 3:21-cv-00501-UJ1-WCM, 2025 U.S. Dist. LEXIS 195325, at *8 (W.D.N.C. Aug. 27, 2025).

### A. There is Complete Diversity of Citizenship.

7. A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Navy Fed. Credit Union v. Ltd. Fin. Servs., LP*, 972 F.3d 344, 350 (4th Cir. 2020). A corporation's "principal place of business" is the "place where the corporation's high level officers direct, control, and coordinate the corporation's activities… normally [it is] the place

2

where the corporation maintains its headquarters." *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 170-71 (4th Cir. 2014) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)).

8.      Plaintiff is, and was at the time it filed this action, a citizen of Illinois. Plaintiff is an insurance company incorporated under the laws of Illinois with its principal place of business in Illinois. *see also, e.g., Simpson v. Allstate Vehicle & Prop. Ins. Co.*, No. 5:24-CV-01211-CLS, 2024 WL 4497088, at *1 n.2 (N.D. Ala. Oct. 15, 2024) ("Allstate is incorporated in Illinois and has its principal place of business in the same state").

9.      SEA is incorporated in New York, with its principal place of business in New Jersey. SEA is, therefore, considered a citizen of New York and New Jersey for diversity jurisdiction purposes.

10.     Because Plaintiff is a citizen of Illinois while SEA is a citizen of New York and New Jersey, complete diversity exists among the parties to this action. *See* 28 U.S.C. § 1332(a).

**B.      The Amount in Controversy Requirement is Satisfied.**

11.     The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). While SEA denies that Plaintiffs are entitled to any monetary or other relief, the amount in controversy here exceeds the jurisdictional minimum.

12.     The amount in controversy requirement of 28 U.S.C. § 1332 is satisfied because Plaintiffs seek damages in excess of $75,000.

13.     On September 2, 2025, counsel for Plaintiff represented to counsel for SEA that the amount for which Plaintiff is seeking subrogation is $306,331.51 and attached supporting documentation.

3

14. Further, each of the four counts in Plaintiff's complaint seeks judgment against SEA in excess of $25,000. *See* Ex. A at ¶¶34, 44, 54, 61.

15. All requirements for federal diversity jurisdiction are satisfied; thus this case is removable by SEA.

**III.     SEA Satisfies the Procedural Requirements for Removal Under 28 U.S.C. § 1446.**

16. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

17. The United States District Court for the Western District of North Carolina embraces the county in which the state court action is now pending. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. 1446(a).

18. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal and a copy of the Notice of Removal with the clerk of Transylvania County Superior Court and will serve a copy of this Notice of Removal and its attachments on all parties to the removed action.

WHEREFORE, Notice is given that this action is removed from the Transylvania County Superior Court to the United States District Court for the Western District of North Carolina.

Dated: June 12, 2026                                        Respectfully submitted,

/s/ Charles E. Raynal IV
Charles E. Raynal IV
N.C. Bar No. 32310
charlesraynal@parkerpoe.com
Ethan A. Johnson
N.C. Bar No. 56908
ethanjohnson@parkerpoe.com
**Parker Poe Adams & Bernstein LLP**
301 Fayetteville Street, Suite 1400
Post Office Box 389 (27602-0389)
Raleigh, North Carolina 27601
Tel: (919) 828-0564 | Fax: (919) 834-4564

*Counsel for Defendant*
*Samsung Electronics America, Inc.*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of June, 2026, this document was filed electronically with the Clerk of Court using the CM/ECF electronic filing system and a copy was emailed to the following:

B. Elizabeth Todd
The Law Office of B. Elizabeth Todd, PLLC
15105-D John J. Delaney Drive #145
Charlotte, NC 28277-2848
elizabeth@etoddlaw.com

*Counsel for Plaintiff*

*/s/ Charles E. Raynal IV*
Charles E. Raynal IV
N.C. Bar No. 32310
charlesraynal@parkerpoe.com
Ethan A. Johnson
N.C. Bar No. 56908
ethanjohnson@parkerpoe.com
**Parker Poe Adams & Bernstein LLP**
301 Fayetteville Street, Suite 1400
Post Office Box 389 (27602-0389)
Raleigh, North Carolina 27601
Telephone: (919) 828-0564
Facsimile: (919) 834-4564

*Counsel for Defendant*
*Samsung Electronics America, Inc.*

5